# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

PRIMERICA LIFE INSURANCE
COMPANY,

    Plaintiff,

v.            Case No. 6:26-cv-244-JA-NWH

CURTIS BRIGHT, JR., et al.,

    Defendants,

_____

## ORDER

This case is before the Court on Plaintiff Primerica Life Insurance Company's motion to interplead policy benefits into the registry of the Court, to dismiss Primerica as a party to this case, and to enjoin Defendants from instituting any action or proceeding against Primerica in relation to the policy benefits. (Doc. 55). No party has filed a response to Primerica's motion, and the time to do so has passed. Based on the Court's review of Primerica's submission, the Court finds that the motion must be granted in part and denied in part.

## I. BACKGROUND[1]

This case concerns a life insurance policy that Cora Anderson acquired in June 2005 (policy number ending in 6422), which had a death benefit of

_____

[1] The Court derives the facts from the complaint (Doc. 1).

$150,000. (Compl., Doc. 1, ¶¶ 19, 26). Ms. Anderson amended the policy numerous times over the years to add or remove beneficiaries and to change the percentage of insurance benefits allocated to each beneficiary. (*Id.* ¶¶ 18–24). Ms. Anderson died on October 7, 2025, leaving behind two sons (Curtis Bright, Jr. and Ernest Pope), four minor grandsons (C.B. III, J.B., D.P., and L.P.), other relatives (Michael Gallemore, Santana Gallamore, Ursula Gallamore, and Shamarious Gillis), and a friend (Lisa Henry)—all of whom Ms. Anderson named as beneficiaries at various points during the life of the policy. (*Id.* ¶¶ 2–12).

As recently as 2023, Ms. Anderson designated Curtis Bright to receive most of the policy benefits, but in 2024, Ms. Anderson purportedly allocated the lion's share of the benefits to Lisa Henry, smaller portions to the other Defendants, and nothing for Mr. Bright. (*Id.* ¶¶ 22–24). And after Ms. Anderson's death, Ms. Henry agreed to pay People's Choice Mortuary $19,968.90 from the life insurance proceeds for Ms. Anderson's funeral expenses, an interest that People's Choice Mortuary assigned to Defendant Affinity Financial Associates, Inc. (Doc. 1 ¶¶ 28–29).

In the weeks following Ms. Anderson's death, Primerica received claims from several Defendants and notice from Mr. Bright that he disputed the 2024 changes to Ms. Anderson's policy, alleging that those changes were the product of fraud or elder abuse. (*Id.* ¶¶ 30–33). As a result, Primerica asserts that it

2

cannot determine how to distribute the policy benefits. (*Id.* ¶ 34). Thus, Primerica filed a complaint for interpleader on January 29, 2026. (Doc. 1). Primerica now seeks to deposit the policy benefits into the registry of this Court, be discharged from all liability, and be dismissed from this case with prejudice. (*Id.*).

## II.    LEGAL STANDARDS

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." *In re Mandalay Shores Co–op. Hous. Ass'n Inc.*, 21 F.3d 380, 383 (11th Cir. 1994). Thus, "[a] successful interpleader suit results in the entry of a discharge judgment on behalf of the stakeholder; once the stakeholder turns the asset over to the registry of the court, all legal obligations to the asset's claimants are satisfied." *Id.* "[T]he burden is on the party seeking interpleader to demonstrate that [it] is entitled to" interpleader—meaning that it "has been or may be subjected to adverse claims." *Dunbar v. United States*, 502 F.2d 506, 511 (5th Cir. 1974).[2]

---

[2] Decisions of the United States Court of Appeals for the Fifth Circuit, rendered prior to October 1, 1981, constitute binding precedent on the courts of the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

An "[i]nterpleader action proceeds in two stages. At the first stage, the court determines whether interpleader is proper and 'whether to discharge the stakeholder from further liability to the claimants.' At the second stage, the court evaluates 'the respective rights of the claimants to the interpleaded funds.'" *Ohio Nat'l Life Assurance Corp. v. Langkau*, 353 F. App'x 244, 248 (11th Cir. 2009)[3] (citations omitted) (quoting *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009)). "This case is at the first stage, during which 'the district court decides whether the requirements for a rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund.'" *Primerica Life Ins. Co. v. Thompson*, No. 5:23-cv-518, 2024 WL 917574, at *2 (M.D. Fla. Mar. 4, 2024) (quoting *Orseck, P.A. v. Servicios Legates De Mesoamerica S. De R.L.*, 699 F. Supp. 2d 1344, 1349 (S.D. Fla. 2010)). "At this stage, the district court 'may also determine if the stakeholder is disinterested . . . and, if so, [may] discharge it from liability and dismiss it from the action." *Id.* (alterations in original) (quoting *Orseck*, 699 F. Supp. 2d at 1349). "[T]he burden is on the party seeking interpleader to demonstrate that [] is entitled to it." *Dunbar*, 502 F.2d at 511.

---

[3] In the Eleventh Circuit, "unpublished decisions . . . bind no one," *Ray v. McCullough Payne & Haan, LLC*, 838 F.3d 1107, 1109 (11th Cir. 2016), but "may be cited as persuasive authority," 11th Cir. R. 36-2.

## III.  DISCUSSION

Primerica asserts that it faces potential exposure to multiple liability because "the [p]olicy [b]enefit is a single fund and there are adverse and conflicting claims among the [Defendants] as to who is entitled to the [p]olicy [b]enefit." (Doc. 55 at 9). Primerica also states that it is "a disinterested stakeholder claiming no beneficial interest in the [p]olicy [b]enefit." (*Id.* at 10). Having no reason to doubt Primerica's assertions, the Court finds that interpleader is proper. *See Thompson*, 2024 WL 917574, at *2 (granting interpleader under similar circumstances). The Court will accept the policy benefits into the registry, discharge Primerica from liability, and dismiss Primerica from this case. *See Orseck*, 699 F. Supp. 2d at 1349 (explaining that dismissing an interpleading stakeholder "is particularly common in cases involving competing claims to life insurance proceeds where the interpleading insurers—as disinterested stakeholders—deposit the res into the court's registry and request immediate dismissal from the action").

Primerica requests the Court to enjoin Defendants from instituting any action or proceeding against Primerica in relation to the policy benefits. Apart from its bald assertion that "[a]n injunction is necessary to protect Primerica from additional litigation," Primerica does little to make the case that an injunction is warranted. *See Thompson*, 2024 WL 917574, at *3 (determining under similar circumstances that "Primerica does not establish that [the

5

requirements for an injunction] are met or that the requested injunction is necessary"); *see also Harris Corp. v. Dunn*, No. 6:05-cv-1388-Orl-19DAB, 2006 WL 2691541, at *4 (M.D. Fla. Aug. 25, 2006) (stating that "[a]bsent a showing of need and compliance with [Federal Rule of Civil Procedure] 65, it is recommended that the Court decline injunctive relief at this time, without prejudice to reconsideration, if appropriate, following adjudication of the merits of the case"), *report and recommendation adopted*, No. 6:05-cv-1388-Orl, 2006 WL 2787853 (M.D. Fla. Sept. 19, 2006). Thus, Primerica's request for injunctive relief will be denied without prejudice to reconsideration, if appropriate.

## IV.  CONCLUSION

Accordingly, it is **ORDERED** that Primerica's motion (Doc. 55) is **GRANTED** in part and **DENIED** in part as follows:

1.    The request for interpleader is **GRANTED**. No later than **July 21, 2026**, Primerica shall deposit the benefits for the policy ending in 6422 into the registry of the Court. Upon deposit of the benefits into the registry, Primerica is discharged from liability as to the policy benefits and dismissed with prejudice as a party to this case.

2.    The request for injunctive relief is **DENIED WITHOUT PREJUDICE** to reconsideration, if appropriate.

3.      The caption of this case shall be re-styled as "In re Benefits for Primerica Policy Number Ending in 6422," and Defendants shall be referred to as "Claimants."

**DONE** and **ORDERED** in Orlando, Florida, on July 14, 2026.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

7